UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN D. MARLOWE,                        :
                                         :
       Petitioner               :
                                         :
   v.                                    : CIVIL NO. 3:CV-15-0461
                                         :
DAVID J. EBBERT,                         : (Judge Kosik)
                                         :
       Respondent               :

**MEMORANDUM**

Kevin Marlowe, an inmate currently confined at the Federal Prison Camp at Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 9, 2015. He challenges the Bureau of Prisons' (BOP) determination as to the date of his placement into home confinement, and claims that the decision violates the Second Chance Act of 2007, *see* 18 U.S.C. § 3624(c). For the reasons that follow, the petition will be dismissed for failure to exhaust available administrative remedies.

**I.    Background**

Petitioner was sentenced on March 28, 2006, in the United States District Court for the Middle District of Pennsylvania, to a 135 month term of imprisonment for

conspiracy to commit mail fraud, false statements to the Social Security Administration, conspiracy to defraud the United States, wire fraud, money laundering, acts affecting a personal financial interest, and subornation of perjury, in violation of 18 U.S.C. §§ 208(a), 216(a)(2), 371, 1343 and 1622; 42 U.S.C. § 408(a)(3).  (Doc. 4, Ex. A, Albert Dec. ¶ 3; BOP SENTRY Report, Attach. 2.) Petitioner's current projected release date, via Good Conduct Time Release, is January 27, 2016, and he had a home confinement date of July 28, 2015.  (*See* Ex. A ¶ 4; Attach. 2.)

In the instant petition, Marlowe argues that the BOP's determination that he should be placed into home confinement for a period of six months prior to his release date, beginning "on or about July 27, 2015" is in violation of the Second Chance Act of 2007.  He maintains that the BOP should have recommended him for a full 12-month Residential Re-Entry Center (RRC) placement prior to his release date.  (Doc.  1-1, Pet. at 2.)  A response to the petition was filed on March 31, 2015. Respondent maintains that the petition is subject to dismissal for failure to exhaust administrative remedies.

## II.   Discussion

In April of 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, went into effect.  This act contains several provisions which are designed to aid prisoners in their transition back into society.  For example, the Act authorizes the BOP to

place certain inmates in RRCs for as much as one year at the end of their prison terms to aid them in their readjustment into society.  *See* 18 U.S.C. § 3624(c)(1).  The BOP has adopted a series of policies, practices and procedures which govern inmate placement and custody.  These policies, in part, speak to the issue of RRC placements of inmates in the year prior to their release dates and direct that, as a result of the Second Chance Act: (1) RRC placements were increased to a maximum of twelve months; (2) RRC placement determinations are to be made on an individualized basis using the criteria set forth at 18 U.S.C. § 3621(b); and (3) sentencing court orders, recommendations or requests, directing an inmate's placement in an RRC should be considered, but are not binding on the BOP.  *Delacruz v. Bledsoe*, No. 10-139, 2010 WL 1791241, at *2 (M.D. Pa. March 3, 2010)(reciting pertinent BOP policy statements).

Respondent argues that the instant § 2241 petition should be dismissed because Marlowe failed to exhaust his claims.  Although § 2241 does not contain an exhaustion requirement, federal courts have "consistently applied an exhaustion requirement" to claims brought pursuant to the statute.  *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000).  These exhaustion rules serve an important and salutary purpose.  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise

3

facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996); *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

Consistent with this rule, the Third Circuit has held that while an inmate may resort to federal habeas corpus to challenge a decision to limit his RRC placement, *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005), prior to filing his petition, he is required to exhaust his administrative remedies. *Vasquez v. Strada,* 684 F.3d 431, 433-34 (3d Cir. 2012). Courts within the Middle District of Pennsylvania have routinely dismissed habeas petitions brought by inmates challenging RRC placement decisions in cases where the inmate-petitioners have not fully exhausted administrative remedies available to them. *See, Wilson v. Strada*, Civ. No. 3:11-CV-1690, 2011 WL 6369787, at *5 (M.D. Pa. Dec. 16, 2011); *McCooey v. Martinez*, Civ. No. 4:09-CV-1533, 2010 WL 411744, at *4 (M.D. Pa. Jan. 25, 2010).

However, the Third Circuit has also made clear that exhaustion of administrative remedies will not operate to bar a petition from consideration if remedies were unavailable, or if they would be incapable of providing adequate redress to an inmate, or otherwise where exhaustion would be futile. *See Gambino*,

134 F.3d at 156. Exhaustion is not deemed futile "just because a prisoner anticipates he will be unsuccessful in his administrative appeals." *See Torres v. Martinez*, No. 3:09-CV-1070, 2009 WL 2487093, at *4 (M.D. Pa. Aug. 12, 2009). Furthermore, because failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the respondent, *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002), in cases where an inmate has adequately represented that prison officials induce or cause an inmate to believe that he was not required to comply fully with the exhaustion requirements in a particular case, the Third Circuit has cautioned against premature dismissal of an action on exhaustion grounds alone. *See Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002).

The BOP has established a three-tiered administrative remedy procedure with respect to inmate complaints, which is set forth in 28 C.F.R. § 542.10 *et seq*. As part of this grievance process, once a final decision is made, inmates should first present their complaints to staff, and staff are obliged to attempt to informally resolve any issues before an inmate files a formal request for Administrative Remedy. *Id*. at § 542.13(a). At the second stage of this process, if an inmate is unable to informally resolve his complaint, the inmate may file a formal written complaint to the warden, on the appropriate form, within 20 calendar days of the date on which the events which form the basis for the complaint took place. *Id*. at §542.14(a). If the inmate's concern is not addressed to the inmate's satisfaction by the warden's response, the

5

inmate may then file an appeal to the Regional Director within 20 calendar days. *Id*. at § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to General Counsel (Central Office) within thirty (30) calendar days from the date of the Regional Director's response. *Id*. The Regional Director has 30 calendar days to respond and the General Counsel has 40 calendar days to address the inmate's concern. *Id*. at § 542.18. Under these procedures, no administrative remedy appeal is considered to have been fully exhausted until decided by the Central Office. 28 C.F.R. § 542, *et seq*.

In the instant case, Respondent has submitted official BOP documents that show that Petitioner has not pursued any administrative remedies since the start of his incarceration. (Doc. 4-2, Ex. A ¶ 5, Attach. 1.) While Petitioner states in the attachment to his petition that he "exhausted all available administrative remedies by soliciting the aid of my United States Senator, the Honorable Patrick J. Toomey", this does not excuse him from utilizing the available administrative remedies procedure set forth at 28 C.F.R. § 542.10 *et seq*. In reviewing his submission, he states that after learning that he was being recommended for a 6 month RRC placement, he immediately contacted Senator Toomey "requesting his intervention and assistance." (Doc. 1-1 at 2.) He provides no explanation as to why he did not first attempt to resolve his claims through the administrative process available to him. It appears that he perhaps believed that seeking the aid of the Senator would lead to a speedier

resolution. Regardless, there are no circumstances existing in this case excusing Petitioner from exhausting his claims through the BOP's established channels. In addition, while Senator Toomey may have submitted an inquiry to the Office of Legislative Affairs, who then forwarded it on to the BOP Regional Office, there is no indication that the Central Office has ever had the opportunity to address Petitioner's claims. For these reasons, the instant petition for writ of habeas corpus will be dismissed for failure to exhaust administrative remedies.